UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT EUNGARD,

    Plaintiff,

                                                Hon. John Corbett O'Meara

v.

                                                Case No. 05-60272

OPEN SOLUTIONS, INC.,

    Defendant.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO REMAND**

Before the court is Plaintiff's motion to remand, filed December 15, 2005. Defendant filed a response December 28, 2005; Plaintiff submitted a reply brief January 6, 2006. The court heard oral argument on January 19, 2006, and took the matter under advisement. For the reasons set forth below, the court denies Plaintiff's motion.

**BACKGROUND FACTS**

Plaintiff, Scott Eungard, filed suit against Defendant, Open Solutions, Inc., alleging breach of contract and violations of the Michigan Sales Representative Act. Plaintiff contends that Defendant failed to pay him commissions he was owed after his termination from employment. Plaintiff originally filed his complaint in Oakland County Circuit Court. Defendant removed to this court, alleging diversity jurisdiction. Plaintiff seeks to have the case remanded, asserting that the amount in controversy requirement is not met.

**LAW AND ANALYSIS**

Generally, a civil case brought in state court may be removed by a defendant to federal court if it could have been brought there originally. See 28 U.S.C. § 1441(a). A federal court has

original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). "A defendant removing a case has the burden of proving the diversity jurisdiction requirements." Rodgers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). A defendant must demonstrate that the jurisdictional requirements are "more likely than not" met. Gafford v. General Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993).

Defendant relies upon the following to support its allegation that the amount in controversy requirement is met: (1) as a result of a sale to Aurgroup Financial Credit Union, Plaintiff alleges he is entitled to "commissions in excess of $32,000" (Compl. at ¶ 8); (2) Plaintiff alleges he is entitled to double commissions under the Michigan Sales Representative Act (Compl. at ¶ 21); (3) Plaintiff alleges he is entitled to attorney fees under the Michigan Sales Representative Act (Compl. at ¶ 22); and (4) Plaintiff alleges he is entitled to commissions for sales "including but not limited to the Aurgroup account."[1] (Compl. at ¶ 27.)

Pursuant to LR 81.1(d), Plaintiff submitted a statement of damages as follows: (1) commission of $22,934.16; (2) an additional $22,934.16, representing the doubling of the commission owed pursuant to M.C.L. § 600.2961; (3) $4,327 in severance pay; and (4) approximately $11,500 in attorney fees as of the date of removal, for a total of $61,695.32. Pl.'s Ex.C. Plaintiff states that he is seeking approximately $23,000, rather than $32,000 as alleged in his complaint, because Defendant paid part of the commission to him prior to the filing of the action. Plaintiff also later clarified that the $11,500 in attorney fees incurred so far included

---

[1] Defendant's notice of removal does not set forth these facts, because it was apparently "cut and pasted" from a different case and contains facts not pertinent to this litigation.

-2-

attempts to negotiate a settlement prior to suit.  According to Plaintiff, the fees incurred "for the preparation and prosecution of this lawsuit total $6,175." Pl.'s Reply Br., Ex. B.  Plaintiff does not attempt to estimate the amount of attorney fees that may be recoverable by the conclusion of the litigation.  <u>See</u> LR 81.1(d)(requiring plaintiff who moves to remand to include a signed statement of damages claimed, including for those categories for which plaintiff is unable to specify a precise amount, "an estimate of the maximum amount and a detailed description of the factual basis for the estimate").

Plaintiff cannot now disavow the allegation in his complaint that he is entitled to a commission "in excess of 32,000."  The parties agree that the Michigan Sales Representative Act provides for doubling of commissions not paid in violation of the statute.  Therefore, it is clear that at least $64,000 is at issue.  According to Plaintiff's statement of damages, he is also seeking $4,327 in severance pay.  However, there is no mention of any claim for severance pay in the complaint, so the court will not consider this amount.  The parties do agree that Plaintiff is entitled to attorney fees if he prevails under the Michigan Sales Representative Act.  Plaintiff contends that he has incurred $6,175 in attorney fees thus far in the preparation and prosecution of this suit, resulting in a total amount in controversy of $70,175.

Defendant argues that the total amount of attorney fees that Plaintiff may recover for this litigation should be included in the amount in controversy. <u>See</u>, e.g., <u>Miera v. Dairyland Ins. Co.</u>, 143 F.3d 1337, 1340 (10th Cir. 1998).  "This Court recognizes that when a state statute mandates the award of attorney fees, the attorney fees should be considered to determine whether the amount in controversy is sufficient to establish jurisdiction on removal to federal court." <u>Ringler v. Chemlawn Serv. Group</u>, 1994 U.S. Dist. LEXIS 3302, *3 (E.D. Mich. Jan. 14, 1994) (citing

Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933); Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975)).

Defendant's attorney estimates, conservatively, that it will take him more than 99 hours to prepare the case for and attend trial in this matter. See Def.'s Br. at 9. The court finds that Defendant's estimate is reasonable. Assuming that Plaintiff also expends an additional 100 hours prosecuting this case, at Plaintiff's attorney's "reduced rate" of $100 per hour (see Pl.'s Ex. B, Affidavit of Melinda A. Balian), Plaintiff will incur at least another $10,000 in attorney fees. At a minimum, it is certainly reasonable to estimate that Plaintiff will incur attorney fees in excess of $4,825, which would be sufficient to meet the jurisdictional amount, according to the above analysis ($64,000, representing double commissions, plus $6,175 in attorney fees already incurred, plus additional fees in excess of $4,825, results in an amount in controversy in excess of $75,000). Accordingly, the court concludes that Defendant has demonstrated that it is "more likely than not" that the amount in controversy requirement is met here.

Therefore, IT IS HEREBY ORDERED that Plaintiff's December 15, 2005 Motion to Remand is DENIED.

                                          s/John Corbett O'Meara
                                          John Corbett O'Meara
                                          United States District Judge

Dated: January 24, 2006