# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SCOTT L. EUNGARD,

      Plaintiffs,                    CIVIL ACTION NO. 05-CV-60272-AA

     vs.                        DISTRICT JUDGE JOHN CORBETT O'MEARA

OPEN SOLUTIONS, INC.,        MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART AND DENYING IT IN PART

Plaintiff filed suit in this District on November 28, 2005 alleging breach of contract arising from Defendant's failure to pay commissions owing to Plaintiff. Before the Court are Plaintiff's Motion to Compel Discovery, filed May 15, 2006, and Defendant's Motion to Compel Answers to Interrogatory 7 and Request for Production of Documents No. 12. District Judge O'Meara has referred both Motions to the undersigned for hearing and determination pursuant to 28 U.S.C. 636(b)(1)(A). The parties fully briefed the Motions and presented oral arguments on June 27, 2006.

**Discovery Standards**

Under Federal Rule of Civil Procedure 26(b)(1), discovery may be had "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . if the information sought appears reasonably calculated to the discovery of admissible evidence." The determination of "relevance" is within the court's sound discretion. *See e.g.*, *Watson v. Lowcountry Red Cross*, 974 F.2d 482 (4th Cir. 1992). In applying the discovery rules, "relevance" should be broadly and liberally construed. *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947). "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v. Pancucci*, 141 F.R.D. 292, 294 (C.D. Cal. 1992).

**Defendant's Motion**

At the June 27, 2006 hearing, the parties indicated that they had resolved the dispute addressed in Defendant's Motion. Defendant's Motion is therefore **DENIED** as moot.

**Plaintiff's Motion**

Plaintiff's Motion to Compel seeks an Order that Defendant supplement its responses to several Interrogatories and Requests for Production of Documents. The parties stated on the record at the June 27, 2006 hearing that their dispute had been resolved as to much of the contested discovery. In particular, the parties indicated that they had resolved their dispute as to Plaintiff's Interrogatories numbers 2, 5, 6, 7, 9, 10, and 11 and Plaintiff's Requests for Production of Documents numbers 4, 7, 8, 9, 10, 11, 13, 15, and 16, and with respect to Plaintiff's request that the Court award costs and attorney fees incurred in connection with bringing the motion. These portions of Plaintiff's Motion are therefore **DENIED** as moot.

Plaintiff's Interrogatories numbers 3 and 4 remain in dispute. Plaintiff's Interrogatory number 3 asks Defendant to state with specificity each account on which Plaintiff was paid a commission by Defendant. Plaintiff's Interrogatory number 4 asks Defendant, for each account identified in response to Interrogatory number 3, to specify the amount of the commission, the subject of the sale, and the formula used to calculate the commission for the sale. Defendant objected to these discovery requests, arguing that they were irrelevant because the instant suit seeks damages for only a single unpaid commission. While other commissions may not be the subject of this suit, the course of dealing between the parties may be relevant to the construction of the commissions contract between them, and to the issue of damages. Plaintiff's Interrogatories numbers 3 and 4 therefore request relevant, non-privileged discovery. Plaintiff's Motion is therefore **GRANTED** with respect to these Interrogatories.

Plaintiff's Request for Documents Number 12 seeks all documents relating to renewals or increases on contracts for accounts on which Plaintiff received a commission on the original sale. Defendant contends that contracts other than the "Aurgroup" contract are not relevant to the instant complaint.  Plaintiff's Motion is **GRANTED** with respect to Request for Documents Number 12.

Plaintiff's Requests for Documents numbers 1 and 2 seek documents pertaining to Plaintiff's claims and Defendant's defenses, respectively.  Plaintiff alleges that Defendant's response was incomplete in that Defendant produced documents pertaining to what the parties refer to as the "Aurgroup" account, but not the "Shared Resources/CUSO" account, and that Defendant's response did not reflect that it had produced all documents responsive to the request.  Whether or not payments due under the Shared Resources/CUSO account are formally part of Plaintiff's Complaint, documents pertaining to the account are reasonably likely to lead to admissible evidence.  Plaintiff's Motion to Compel is **GRANTED** with respect to Requests numbers 1 and 2.  Defendant will supplement its response, and will indicate whether it has produced all documents available after a reasonable search.

Plaintiff's Request for Production of Documents number 18 seeks documents relating to Defendant's AurGroup Financial Credit Union account.  Defendant objected that the requested discovery was irrelevant, over-broad, vague, unduly burdensome, confidential, and privileged. Notwithstanding those objections, Defendant identified some documents responsive to this Request. Defendant did not provide a privilege log or describe with any particularity how the requested documents were protected by a privilege recognized in the federal courts.  Defendant's response also made it unclear whether some responsive documents were being withheld pursuant to Defendant's stated objections.  Plaintiff's Motion to Compel is **GRANTED** with respect to Request for Production of Documents number 18.  Defendant will redact its general and unsupported assertion of privilege, will

3

specifically identify any documents withheld pursuant to a claim of privilege, and will indicate whether its response to the Request is complete.

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 9, 2006                                  s/ Mona K. Majzoub
                                                                                    MONA K. MAJZOUB
                                                                                   UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 09, 2006                             s/ Lisa C. Bartlett
                                                    Courtroom Deputy