## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SCOTT L. EUNGARD,

               **Plaintiff,**         **CIVIL ACTION NO.  05-CV-60272-AA**

  **VS.**                     **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**OPEN SOLUTIONS, INC.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendant.**

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANT'S CROSS MOTION FOR SANCTIONS

Before the Court is Plaintiff's Motion to Compel the disclosure of Mark Roberson's full name and address, to compel his appearance at a deposition, to strike his affidavit and future testimony, and for sanctions filed on August 21, 2006 (docket no. 44), and Defendant's Cross Motion for Sanctions filed on September 7, 2006 (docket no. 50).  Following briefing on the motions, the Court entertained oral argument on September 15, 2006.

During oral argument the parties stated that they had agreed that the deposition of Mark Roberson would be taken on a date certain, although they were not sure whether that date was October 5 or 12, 2006.  They had also agreed on the time and place for the deposition.  The only issue remaining to be decided regarding his deposition was whether Plaintiff should have to subpoena him for the deposition.  Roberson was the Vice President of National Sales for Defendant.  He retired effective April 1, 2006, before Plaintiff attempted to depose him.  Plaintiff filed this motion to compel on August 21, and on August 23 Defendant disclosed Roberson's name and address in Georgia.

Plaintiff relies upon *Rehau, Inc. v. Colortech, Inc.,* 145 F.R.D. 444 (W.D. Mich. 1993) for the proposition that a former managing agent for a party may be compelled to testify without the need for a subpoena.  However, in that case the former employee of the company-party was still employed by

the company's parent corporation and his father was President of the company-party. The court found on those facts that the employee could be considered an officer, director, or managing agent of the plaintiff. Here, Plaintiff has not shown that Roberson still has any comparable ties to his former company. Therefore, Plaintiff must subpoena Roberson for his deposition.

Plaintiff also raises an issue as to Defendant's failure to disclose Craig Brown as an employee who was terminated and paid a commission subsequent to his termination. Plaintiff knew of Brown because he disclosed Craig Brown's name, address, and phone number in his initial disclosures. Defendant has shown that it initially believed in good faith, albeit mistakenly, that Brown did not receive any post-termination commission payments. After confirming that he did receive one such payment, Defendant supplemented its response to include this information on September 7, 2006. This initial failure to disclose does not appear to have been intentional by Defendant or Defendant's counsel.

Defendant's cross motion for sanctions is contingent on the Court granting Plaintiff relief on Plaintiff's motion to compel. Because the Court denies relief on Plaintiff's motion, the cross motion for sanctions is moot. Defendant's cross motion for sanctions is denied on that basis.

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished). As the Court cautioned at oral argument, counsels' actions throughout this case in general, and in particular regarding these motions, has been characterized by contentious behavior that benefits no one, does considerable disservice to the parties, and wastes Court resources. In light of this conduct by both parties, the Court in its discretion declines to award any sanctions, costs, or attorney fees in this matter.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (docket no. 44) be DENIED in its entirety.

2

**IT IS FURTHER ORDERED** that Defendant's cross motion for sanctions (docket no. 50) be DENIED in its entirety as moot.

**IT IS FURTHER ORDERED** that Plaintiff will subpoena Mark Roberson to be deposed on either October 5 or 12, and Roberson will appear pursuant to the subpoena.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 20, 2006                     s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

<u>**PROOF OF SERVICE**</u>

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 20, 2006                     s/ Lisa C. Bartlett
                                              Courtroom Deputy

3