UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT EUNGARD,

    Plaintiff,

Case No. 05-60272

v.

Hon. John Corbett O'Meara

OPEN SOLUTIONS, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR ATTORNEY FEES**

Before the court is Defendant's motion for attorney fees and nontaxable expenses, filed February 12, 2009. Plaintiff submitted a response on February 19, 2009; Defendant filed a reply brief on February 25, 2009. Pursuant to L.R. 7.1(e)(2) (E.D. Mich. 1998), the court did not hear oral argument.

Plaintiff Scott Eungard filed this action on November 3, 2005, alleging breach of contract, violation of the Michigan Sales Representatives' Commission Act ("SRCA"), violation of the procuring cause doctrine, and breach of implied contract against his former employer, Open Solutions, Inc. The court granted summary judgment in Defendant's favor on September 25, 2006. Plaintiff appealed this court's decision and the Court of Appeals for the Sixth Circuit affirmed in part and reversed in part. Specifically, the Sixth Circuit reversed and remanded Plaintiff's breach of contract and SRCA claims to be determined by a jury. See Eungard v. Open Solutions, Inc., 517 F.3d 891 (6th Cir. 2008).

After a jury trial held from January 27 to January 29, 2009, a verdict was rendered in favor of Defendant. The court entered judgment in favor of Defendant on January 29, 2009.

Defendant now seeks attorney fees and nontaxable costs pursuant to the SRCA, which provides that the "prevailing party" is entitled to reasonable attorney fees and costs. M.C.L. 600.2961(6). Although Plaintiff has appealed the jury verdict, this court retains jurisdiction to consider Defendant's motion for attorney fees. See Reed v. County Miss, Inc., 1995 WL 348041 (6th Cir. June 8, 1995) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) and Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-203 (1988)).

There is no dispute that Defendant is the prevailing party under the statute and that Defendant is entitled to attorney fees. See H. J. Tucker & Assoc. v. Allied Chucker & Engin. Co., 234 Mich. App. 550, 560 (1999) (awarding attorney fees to prevailing plaintiff under SRCA); Burkhart Assoc., Inc. v. Nowakowski, 2008 WL 4367528 (Mich. App. Sept. 25, 2008) (awarding attorney fees to prevailing defendant under SRCA). Plaintiff does dispute, however, the reasonableness of the fees requested by Defendant.

In determining a reasonable attorney fee, "a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services. . . . [by using] reliable surveys or other credible evidence of the legal market." Smith v. Khouri, 481 Mich. 519, 530, 751 N.W.2d 472 (2008). "This number should be multiplied by the reasonable number of hours expended in the case. . . . The number produced by this calculation should serve as a starting point for calculating a reasonable attorney fee." Id. at 531. The court should then consider the factors outlined in Wood v. DAIIE, 413 Mich. 573, 588, 321 N.W.2d 653 (1982) and Michigan Rule of Professional Conduct 1.5(a) to determine if they warrant an increase or decrease in the base number. The factors considered in Wood are as follows:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the

>   results achieved; (4) the difficulty of the case; (5) the expenses
>   incurred; and (6) the nature and length of the professional
>   relationship with the client.

Wood, 413 Mich. at 588.  The factors set forth in 1.5(a) overlap those in Wood:

>   (1) the time and labor required, the novelty and difficulty of the
>   questions involved, and the skill requisite to perform the legal
>   service properly;
>   (2) the likelihood, if apparent to the client, that the acceptance of
>   the particular employment will preclude other employment by the
>   lawyer;
>   (3) the fee customarily charged in the locality for similar legal
>   services;
>   (4) the amount involved and the results obtained;
>   (5) the time limitations imposed by the client or the circumstances;
>   (6) the nature and length of the professional relationship with the
>   client;
>   (7) the experience, reputation, and ability of the lawyer or lawyers
>   performing the services; and
>   (8) whether the fee is fixed or contingent.

M.R.P.C. 1.5(a).  See also Khouri, 481 Mich. at 530-31.

Defendant's counsel charged its client the following rates: Charles DeWitt (lead counsel), $225 per hour ($275 per hour after January 1, 2009); William Balke (shareholder), $210 per hour ($230 per hour after January 1, 2009); William J. Vincent, $210 per hour; Cathleen Jansen, $175 per hour; Emily Edick, $125 per hour; Debra A. DiMascio (paralegal), $95 per hour.  See Def.'s Ex. 1 (time records); Ex. 2 (affidavit of Charles DeWitt).  Based upon a 2003 State Bar of Michigan economics of law practice survey, the court finds these rates to be reasonable.  See Def.'s Ex. 3 (mean rate for downtown Detroit attorney was $238 in 2003; mean rate for associate with ten years experience, $175).

The bulk of the time spent on this matter (325.2 hours) was recorded by Mr. DeWitt, who has been an attorney for over 30 years.  The reputation and ability of Mr. DeWitt, as known by

the court, justifies his hourly rate. The court finds the time spent on this matter reasonable given the significant work required to defend this case during discovery, cross-motions for summary judgment, an appeal, and trial, at which Mr. DeWitt was the sole counsel for Defendant. Cathleen Jansen, an associate, spent 214.1 hours on this case through discovery, summary judgment, and appeal. Although this case is not particularly complex, the court finds that the amount of discovery and briefing involved at both the trial and appellate level renders this amount of time reasonable. Similarly, the amount of time spent by associate Emily Edick, for research and trial preparation (35.3 hours) is reasonable. The *de minimus* amount of time spent by the other professionals on this matter (Vincent, .7 hours; Balke, 3.3 hours; DeMascio, 2.0 hours) is also reasonable.

The base fee, including nontaxable expenses, requested by Defendant up to January 31, 2009, is $125,313.08. The court does not find that the other Wood or M.R.P.C. 1.5(a) factors warrant an upward or downward adjustment in this figure.

Plaintiff contends that Defendant's appellate attorney fees should be deducted, based upon DePriest v. Print Technologies & Serv., Inc., 2005 WL 544231 (Mich. App. 2005), in which the court determined that appellate fees were not recoverable under M.C.L. 600.2961. Besides its status as an unpublished opinion, DePriest is unpersuasive because its reasoning is contrary to other Michigan decisions allowing appellate attorney fees under various, similarly worded statutes. See New Properties, Inc. v. George D. Newpower, Jr., Inc., 282 Mich. App. 120, 762 N.W.2d 178 (2009). In New Properties, the Michigan Court of Appeals found that M.C.L. 600.2919a, which allows recovery of "costs and reasonable attorney's fees," permits recovery of appellate fees. Id. (citing various statutes under which appellate fees recoverable).

Likewise, M.C.L. 600.2961(6) permits recovery of "reasonable attorney fees and court costs." M.C.L. 600.2961(6). In light of <u>New Properties</u>, the court finds no reasonable basis to disallow appellate fees under the SRCA. The court will award Defendant $125,313.08.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for attorney fees is GRANTED, consistent with this opinion and order.

s/John Corbett O'Meara  
United States District Judge

Date:  April 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 28, 2009, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager
